NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-5503 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00105-DAD |
| v. | |
| BRENT HOOTON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted December 1, 2025
San Francisco, California

Before: R. NELSON, COLLINS, and VANDYKE, Circuit Judges.

Defendant-Appellant Brent Hooton appeals the sentence he received after pleading guilty to production and distribution of child pornography in violation of 18 U.S.C. §§ 2251(a), 2252(a)(2). Specifically, he challenges the district court's imposition of various conditions of supervised release that will apply after he completes his 324-month term of imprisonment. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm in part, vacate in part, and remand.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Special Condition No. 5, in relevant part, prohibits Hooton from "loiter[ing] within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18." Special Condition No. 7 relatedly restricts Hooton from "resid[ing] in direct view of places such as school yards, parks, public swimming pools, or recreational centers, playgrounds, youth centers, video arcade facilities, or other places primarily used by children under the age of 18." On appeal, Hooton contends that Special Conditions No. 5 and 7 are impermissibly overbroad and unconstitutionally vague. Because Hooton failed to raise an objection to these conditions below, our review is only for "plain error." *United States v. Nishida*, 53 F.4th 1144, 1150 (9th Cir. 2022). "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights." *Id*. (citation omitted). "If these three conditions are met, we may exercise our discretion to notice an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (citation omitted).

Hooton argues that these two conditions are overbroad because they can be construed as applying to the various enumerated facilities even if those facilities are not "primarily used by children under the age of 18." We reject this contention. As a matter of grammatical structure, the final catch-all phrase "*other* places primarily used by children" clearly denotes that all of the preceding listed items are covered only if they are "primarily used by children." So construed, these two conditions are

not overbroad.  *See United States v. Gibson*, 998 F.3d 415, 420–21 (9th Cir. 2021) (holding that a condition comparable to Special Condition No. 5 is not overbroad). And to the extent that Hooton challenges, on vagueness grounds, the use of the phrase "other places primarily used by children under the age of 18," that contention also fails under *Gibson*.  *See id*. at 419 (holding that the phrase "primarily used by children" is not "indeterminate" or "unconstitutionally vague" because "primarily" signifies "a place chiefly and for the most part used by children" (simplified)).

Hooton argues that Special Condition No. 7 is vague and overbroad for the additional reason that the use of the phrase "in direct view" in connection with the enumerated places "effectively prevent[s] Hooton from residing in any urban area."  We have previously rejected a plain-error challenge to a similar residency condition that used the exact term, "in direct view," that is challenged here.  *See United States v. Daniels*, 541 F.3d 915, 928 (9th Cir. 2008) (upholding, *inter alia*, residency condition which prohibited the defendant from "resid[ing] within *direct view of*" such places) (emphasis added)).  Although the grounds asserted by Hooton for challenging the condition differ from those raised in *Daniels*, we again find no plain error.  "Direct" denotes "[p]roceeding without interruption," without "intervening persons, conditions, or agencies," AMERICAN HERITAGE DICTIONARY 511 (5th ed. 2018), and the condition therefore prohibits only residing in those places within the immediate and proximate view of the enumerated facilities.

Moreover, Condition No. 7's additional condition that Hooton's "residence must be pre-approved by the probation officer" further mitigates any vagueness concerns.

2.  For the first time on appeal, Hooton also challenges Special Condition No. 8 as overbroad.  That condition provides:

> You must not possess, own, use, view, or read any material depicting and/or describing sexually explicit conduct involving adults or children, including computer images, pictures, photographs, books, writings, drawings, videos, or video games. "Sexually explicit conduct" as defined in 18 U.S.C. § 2256(2) means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

Hooton argues that this condition is unconstitutionally overbroad under our controlling decisions in *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015), and *United States v. Cope*, 527 F.3d 944 (9th Cir. 2008).  We agree.

In *Gnirke*, we held that a similar condition of supervised release "sweeps too broadly by limiting [defendant's] access to *non*-pornographic depictions of 'sexually explicit conduct' involving only adults," "however fleeting or veiled, and regardless of how insignificant it may be to the overall content of an art exhibit, play, or movie."  775 F.3d at 1163–65.  Although *Gnirke* itself is arguably distinguishable because the condition there prohibited, not merely possession of such materials, but also "patroniz[ing] any place where such materials or entertainment are available," *id*. at 1163, we subsequently extended *Gnirke*'s

4

holding to an indistinguishable possession restriction in *United States v. Guerrero*, 89 F.4th 694, 697–98 (9th Cir. 2023) (applying *Gnirke* to a similar restriction against "view[ing] or possess[ing] any 'visual depiction' (as defined in 18 U.S.C. § 2256) . . . of 'sexually explicit conduct' (as defined in 18 U.S.C. § 2256)"). Indeed, the restriction in this case, which is not limited to visual depictions, but also includes "material . . . describing" such conduct, is even broader than the one invalidated in *Guerrero*.  Under *Guerrero*, we are constrained to find plain error here and, in conformity with *Guerrero*, we "remand with instructions that the district court conform Special Condition [8] to our holding in *Gnirke*."  *Id*. at 698. "*Gnirke* offered guidance for appropriately tailoring such restrictions, construing a similar condition of supervised release to apply (1) to any materials with depictions of 'sexually explicit conduct' involving children, as defined by 18 U.S.C. § 2256(2), and (2) to any materials with depictions of 'sexually explicit conduct' involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by [Hooton's] probation officer."  *Id.* (simplified).

We also agree with Hooton that Special Condition No. 8 is plainly erroneous under our decision in *Cope*.  Like the condition invalidated in *Cope*, Special Condition No. 8's prohibition on accessing any material "depicting and/or describing sexually explicit conduct involving adults or children . . . as defined in

18 U.S.C § 2256(2)" can be read as (1) "straightforwardly appl[ying] to [Hooton's] own presentence report, as well as copies of statutes and cases that [Hooton] might need were he to bring a collateral challenge to an aspect of his sentence once he is released from prison," and (2) applying to "journal-writing or the writing of a 'sexual biography' that may be required elements of [Hooton's] sex offender treatment." 527 F.3d at 957–58 (simplified). Accordingly, we remand to the district court for the limited purpose of amending Special Condition No. 8 and clarifying that the condition does not apply to the lawful possession of *non-contraband* materials that are "necessary to, and used for, a collateral attack, or to materials prepared or used for the purposes of his court-mandated sex offender treatment." *Id*. at 958; *see also United States v. Knight*, 122 F.4th 845, 849–50 (9th Cir. 2024) (noting that nothing in *Cope* authorizes a defendant to possess contraband, such as child pornography).

3. Hooton contends that Special Condition No. 9, which requires Hooton to "attend, cooperate with, and actively participate in a sex offender treatment and therapy program which may include, but is not limited to, risk assessment, polygraph examination, and/or Visual Reaction Treatment," impermissibly delegates to the probation officer the decision whether Hooton's sex-offender treatment program will require his confinement in "an inpatient facility." *Nishida*, 53 F.4th at 1155. Reviewing for plain error, we reject this argument. Unlike the

6

condition in *Nishida*, which authorized the probation officer to determine the "*location*, *modality*, . . . and *intensity*" of the treatment program, *id.* at 1152 (emphasis added), Special Condition No. 9 contains no language that could be construed as authorizing an inpatient program. Because we construe Special Condition No. 9 as authorizing only outpatient programs, Hooton's challenge to that condition necessarily fails.

4. Finally, we reject Hooton's argument that the district court failed to orally pronounce the standard conditions of supervised release, in violation of our decision in *United States v. Montoya*, 82 F.4th 640 (9th Cir. 2023) (en banc). Hooton was given advance written notice of each of the recommended standard conditions in the Presentence Report's ("PSR") Sentencing Recommendation, and the standard conditions set forth therein are the same as those later incorporated into the written judgment. At sentencing, after the district court twice confirmed that Hooton had reviewed the PSR with his attorney, the district court orally incorporated the "standard conditions" by an explicit on-the-record reference. The district court thereby satisfied *Montoya*'s oral pronouncement requirement. *See id.* at 651 (stating that oral pronouncement requirement may be satisfied through incorporation by reference if "the defendant has been informed of the proposed conditions of supervised release in advance of sentencing").

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

7